IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 13-2062-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>    Defendant. | Civil Action No. 13-2063-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 13-2064-RGA |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTV, LLC,<br><br>    Defendant. | Civil Action No. 13-2065-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TIME WARNER CABLE, INC,<br><br>    Defendant. | Civil Action No. 13-2068-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 13-2069-RGA |

**MEMORANDUM ORDER**

Defendants AT&T Service Inc. and DirecTV have filed Motions to Declare this Case Exceptional and Award Fees Under 35 U.S.C. § 285. (C.A. 13-2061, D.I. 183; C.A. 13-2065, D.I. 196). Defendants Charter Communications, Inc., Comcast Cable Communications, LLC,

Cox Communications Inc., Time Warner Cable Inc., and Verizon Communication Inc. ("Cable Defendants") have filed Motions for Attorneys' Fees and Costs. (C.A. 13-2062, D.I. 203; C.A. 13-2063, D.I. 202; C.A. 13-2064, D.I. 195; C.A. 13-2068, D.I. 205; C.A. 13-2069, D.I. 195). The Cable Defendants' motions request, in part, fees pursuant to 35 U.S.C. § 285. (*Id.*). This Section provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." A prevailing party is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1087 (Fed. Cir. 2014) ("A party 'prevails' when 'actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the [party].'" (alteration in original) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). I have vacated my previous judgments of non-infringement in these cases. Thus, I have awarded no "actual relief on the merits" and Defendants are not prevailing parties. Therefore, Defendants are not entitled to pursue attorney fees under 35 U.S.C. § 285.

Defendants AT&T Services' and DirecTV's Motions to Declare this Case Exceptional and Award Fees Under 35 U.S.C. § 285 (C.A. 13-2061, D.I. 183; C.A. 13-2065, D.I. 196) are **DENIED** and Cable Defendants' Motions for Attorneys' Fees and Costs (C.A. 13-2062, D.I. 203; C.A. 13-2063, D.I. 202; C.A. 13-2064, D.I. 195; C.A. 13-2068, D.I. 205; C.A. 13-2069, D.I. 195) are **DENIED** to the extent that they rely on 35 U.S.C § 285.

IT IS SO ORDERED this 27 day of September 2018.

Richard G. Andrews
United States District Judge

3